# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| *In re Belle Tire Distributors, Inc. Data Breach Litigation* | Case No. 2:24-cv-12966-MFL-CI |
| | Hon. Matthew F. Leitman |
| | **CLASS ACTION** |

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis ("Plaintiffs"), individually and on behalf of all others similarly situated, moves this Court, pursuant to Federal Rule of Civil Procedure 23, for an Order granting preliminary approval of the proposed class action Settlement Agreement agreed to by the Parties.[1] This Motion seeks preliminary approval of Plaintiffs' agreement with Belle Tire Distributors, Inc. ("Defendant" or "Belle Tire") to settle all individual and class claims that were made, or that could have been made, in Plaintiffs' Consolidated Class Action Complaint. ECF No. 10.

In support of this Motion, Plaintiffs rely upon the accompanying Brief in Support, the Joint Declaration of Proposed Settlement Class Counsel, E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note, in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, which includes the contents of the Settlement Agreement and its supporting documentation, and the Declaration of Proposed Settlement Administrator, Simpluris, Inc., all in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

---

[1] The Settlement Agreement and its exhibits are included in the accompanying Brief in Support as an exhibit to Joint Declaration of Proposed Settlement Class Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

1

Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) provisionally certify the Settlement Class under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) for settlement purposes; (3) appoint Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as representatives of the Settlement Class; (4) appoint E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Proposed Settlement Class Counsel; (5) find that the proposed Settlement is fair, reasonable, and adequate to allow dissemination of notice of the Settlement to the proposed Settlement Class by the Settlement Administrator; (6) appoint Simpluris, Inc. as Settlement Administrator; (7) approve the Notice Plan for the Settlement described in the Settlement Agreement and its Exhibits (the "Proposed Notice") and direct distribution of the Proposed Notice; (8) establish dates for a hearing on final approval of the proposed Settlement; and (9) establish a deadline for the filing of objections by Settlement Class Members and for them to exclude themselves from the proposed Settlement Class.[2]

Pursuant to Local Rule 7.1(a)(1), on April 2, 2026, Plaintiffs' Counsel discussed concurrence in the filing of Plaintiffs' Motion for Preliminary Approval

---

[2] A Proposed Order to this effect is included as an exhibit to Plaintiffs' accompanying Supporting Brief.

of Class Action Settlement with Counsel for Defendant. Counsel for Defendant advised counsel for Plaintiffs that Defendant does not oppose the relief requested in the filing of the above Motion.

Dated: April 13, 2026

Respectfully Submitted.

/s/     *E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

Gary M. Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
(866) 252-0878
gklinger@milberg.com

Scott Edward Cole, Esq.
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
(510) 891-9800
sec@colevannote.com

*Proposed Settlement Class Counsel*

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| *In re Belle Tire Distributors, Inc. Data Breach Litigation* | Case No: 2:24-cv-12966<br>Hon. Matthew F. Leitman<br><br>**CLASS ACTION** |

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## STATEMENT OF ISSUES PRESENTED

1.      Does the proposed Settlement Class meet Rule 23's requirements for class certification for settlement purposes under Fed. R. Civ. P 23(b)(2) and (b)(3)?

**Plaintiffs' Answer: Yes.**

2.      Should the Court provisionally appoint E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Settlement Class Counsel?

**Plaintiffs' Answer: Yes.**

3.      Should the Court provisionally appoint Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as Class Representatives for the Settlement Class?

**Plaintiffs' Answer: Yes.**

4.      Based on a preliminary evaluation, is the proposed Settlement fair, adequate, and reasonable, sufficient to warrant the dissemination of notice to the proposed Settlement Class?

**Plaintiffs' Answer: Yes.**

5.      Should the Court appoint Simpluris, Inc. as Settlement Administrator?

**Plaintiffs' Answer: Yes.**

6.      Does the Notice Plan satisfy Rule 23 and Due Process requirements?

**Plaintiffs' Answer: Yes.**

i

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

- Fed. R. Civ. P. 23

- *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

- *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. ("UAW") v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

ii

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................1

II. STATEMENT OF FACTS ...........................................................................3

III. PROCEDURAL HISTORY...........................................................................4

IV. THE SETTLEMENT TERMS........................................................................5

V. ARGUMENT ..............................................................................................9

   A.   The Court Should Certify the Proposed Settlement Class.................................10

     1.   Rule 23(a) Requirements Are Met for Settlement Purposes........................10

     2.   Rule 23(b) Requirements Are Met for Settlement Purposes........................14

   B.   The Court Should Appoint Proposed Class Counsel...........................................16

   C.   The Proposed Settlement Is Fundamentally Fair, Reasonable, and Adequate and Thus Warrants Preliminary Approval.........................................................16

     1.   The Rule 23(e)(2) Factors Weigh in Favor of Preliminary Approval.........18

     2.   The Sixth Circuit's *UAW* Factors Support Preliminary Approval..............19

   D.   The Proposed Notice Plan Is the Best Practicable..............................................24

VI. CONCLUSION...........................................................................................25

# TABLE OF AUTHORITIES

## Cases

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)............................................................ 10, 14, 15, 16

*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007) ....................................................... 12, 14

*Bittinger v. Tecumseh Prods. Co.*,
  123 F.3d 877 (6th Cir. 1997) .............................................................12

*Calloway v. Caraco Pharm. Labs., Ltd.*,
  287 F.R.D. 402 (E.D. Mich. 2012) ....................................................15

*Curry v. SBC Commc'ns, Inc.*,
  250 F.R.D 301 (E.D. Mich. 2008) .....................................................11

*Fisher Bros. v. Phelps Dodge Indus., Inc.*,
  604 F. Supp. 446 (E.D. Pa. 1985).....................................................24

*Fox v. Iowa Health Sys.*,
  2021 WL 826741 (W.D. Wis. Mar. 4, 2021).....................................23

*Garner Props. & Mgmt., LLC v. City of Inkster*,
  333 F.R.D. 614 (E.D. Mich. 2020) .......................................... 9, 10, 12

*Gascho v. Glob. Fitness Holdings, LLC*,
  822 F.3d 269 (6th Cir. 2016) .............................................................19

*Hammond v. The Bank of N.Y. Mellon Corp.*,
  2010 WL 2643307 (S.D.N.Y. June 25, 2010) ...................................22

*In re California Pizza Kitchen Data Breach Litig.*,
  129 F.4th 667 (9th Cir. 2025) ...........................................................19

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ....................................................24

*In re CorrectCare Data Breach Litig.*,
  2024 WL 4211480 (E.D. Ky. Sept. 17, 2024)......................................9

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*,
  248 F.R.D. 483 (E.D. Mich. 2008) ....................................................20

*In re Fed. Skywalk Cases*,
  97 F.R.D. 380 (W.D. Mo. 1983).........................................................24

*In re Hannaford Bros. Co. Cust. Data Sec. Breach Litig.*,
  293 F.R.D. 21 (D. Me. 2013)..............................................................23

*In re Packaged Ice Antitrust Litig.*,
  2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)...................................17

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
  266 F. Supp. 3d 1 (D.D.C. 2017).......................................................22

iv

*In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*,
  928 F.3d 42 (D.C. Cir. June 21, 2019) ....................................................................22

*In re Wawa, Inc. Data Sec. Litig.*,
  2021 WL 3276148 (E.D. Pa. July 30, 2021) ...........................................................21

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013) ........................................................................... 10, 15

*In re Wright & Filippis, LLC Data Sec Breach Litig*,
  2024 WL 3083437 (E.D. Mich. June 20, 2024) ........................................................9

*Kinder v. Nw. Bank*,
  278 F.R.D. 176 (W.D. Mich. 2011) .........................................................................11

*Kritzer v. Safelite Solutions, LLC*,
  2012 WL 1945144 (S.D. Ohio May 30, 2012) .................................................. 21, 22

*Leonhardt v. ArvinMeritor, Inc.*,
  581 F. Supp. 2d 818 (E.D. Mich. 2008) ...................................................................20

*Machesney v. Lar-Bev of Howell, Inc.*,
  317 F.R.D. 47 (E.D. Mich. 2016) .............................................................................15

*McClain v. Henry Ford Health*,
  No. 25-801 (Wayne Cnty. Cir. Ct. Oct. 8, 2025).............................................. 19, 23

*Merenda v. VHS of Michigan, Inc.*,
  296 F.R.D. 528 (E.D. Mich. 2013) ..........................................................................14

*Moeller v. Wk. Publications, Inc.*,
  649 F. Supp. 3d 530 (E.D. Mich. 2023) .....................................................................9

*Powers v. Hamilton Cnty. Pub. Def. Comm'n*,
  501 F.3d 592 (6th Cir. 2007) ...................................................................................15

*Sprague v. General Motors Corp.*,
  133 F.3d 388 (6th Cir. 1998) ...................................................................................12

*Strano v Kiplinger Washington Eds, Inc*,
  649 F Supp 3d 546 (ED Mich 2023) .........................................................................9

*Thacker v. Chesapeake Appalachia, L.L.C.*,
  259 F.R.D. 262 (E.D. Ky. 2009)...............................................................................17

*Thomsen v. Morley Companies, Inc.*,
  639 F. Supp. 3d 758 (E.D. Mich. 2022) .....................................................................9

*Trombley v. Nat'l City Bank*,
  759 F. Supp. 2d 20 (D.D.C. 2011)............................................................................21

*UAW v. Gen. Motors Corp.*,
  497 F.3d 615, (6th Cir. 2007) ........................................................................... passim

*Vickery v. Family Health Center, Inc.*,
  No. 24-0404 (Kalamazoo Cnty. Cir. Ct. Sept. 15, 2025) ........................ 18, 19, 23

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011).............................................................................................11

## Other Authorities

*Manual for Complex Litigation* § 21.632 (4th ed. 2004).........................................17
*Newberg on Class Actions* § 11.41 (4th ed. 2002) .......................................... 17, 25

## Rules

Fed R. Civ. P. 23(b)(3)................................................................................ passim
Fed. R. Civ. P. 23(a)................................................................................ 10, 14
Fed. R. Civ. P. 23(a)(1)................................................................................11
Fed. R. Civ. P. 23(a)(2)................................................................................11
Fed. R. Civ. P. 23(a)(3)................................................................................12
Fed. R. Civ. P. 23(a)(4)................................................................................12
Fed. R. Civ. P. 23(b) ................................................................................14
Fed. R. Civ. P. 23(c)(2)(B) ................................................................................7, 24
Fed. R. Civ. P. 23(e)(1)................................................................................24
Fed. R. Civ. P. 23(e)(2)................................................................................17
Fed. R. Civ. P. 23(g)(1)(A)(i-iv)................................................................................16
Fed. R. Civ. P. 23(g)(1)(B) ................................................................................16

## I.      INTRODUCTION

This case arises from a data security incident (the "Data Security Incident") Defendant Belle Tire Distributors, Inc. ("Belle Tire") became aware of on or about June 11, 2024, involving the potential unauthorized access of Private Information of certain individuals. *See* **Exhibit A**, Joint Declaration of Proposed Settlement Class Counsel[1] in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement[2] ("Decl."), ¶ 4. Based on Belle Tire's investigation, the Private Information of roughly 29,000 persons may have been accessed, including contact information, such as name, address, and date of birth, Social Security number, and driver's license. *See* ECF No. 10, Compl., ¶¶ 5, 33; Decl., ¶ 4.

Following Belle Tire's disclosure of the Data Security Incident, five putative class actions were filed against Belle Tire and then later consolidated into this Action.[3] Beginning in May of 2025, and continuing through February of 2026, the Parties engaged in meaningful arm's-length settlement negotiations. Decl., ¶¶ 7, 8, 19.

---

[1] Proposed Settlement Class Counsel is E. Powell Miller of The Miller Law Firm, P.C., Gary M. Klinger of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note (hereinafter "Class Counsel").

[2] Capitalized terms have the same definition as defined in the Settlement Agreement, attached as exhibit 1 to the Joint Declaration.

[3] The other four were *Algharably v. Belle Tire Distributors, Inc.*, No. 2:24-cv-12984 (E.D. Mich.), *Loafman v. Belle Tire Distributors, Inc.*, No. 2:24-cv-12994 (E.D. Mich.), *Georges v. Belle Tire Distributors, Inc.*, No. 2:24-cv-13018 (E.D. Mich.), *Travis v. Belle Tire Distributors, Inc.*, No. 2:24-cv-13084 (E.D. Mich.). Decl., ¶ 5.

The Plaintiffs filed their Consolidated Amended Complaint on April 16, 2025, and, following its filing, the Parties engaged in discussions regarding private mediation, ultimately setting it for September 30, 2025. Decl., ¶¶ 6, 8. Ahead of the mediation, the Parties exchanged information concerning Defendant's data security measures, the size of the Class, and the type of Private Information potentially accessed, which assisted the Parties in evaluating the risks and value of the litigation to ultimately reach an agreement in principle on February 6, 2026. Decl., ¶¶ 8, 10. The Parties have since worked together to finalize the terms of the Settlement Agreement (the "S.A." or "Agreement") and agree on the Settlement Administrator. *Id.* The Settlement Agreement provides an outstanding result for the Class, particularly considering the complex nature of the case and uncertainty of success. Decl., ¶¶ 20, 22.

The Settlement provides Settlement Class Members with meaningful relief, including: compensation for unreimbursed Documented Losses, up to a total of 150% of a Class Member's Documented Loss with reasonable proof connecting the loss to the Data Security Incident, up to $1,000.00 (S.A. ¶ 14), or, in the alternative, Alternative Pro Rata Cash Compensation—from the non-reversionary Alternative Pro Rata Settlement Fund (*id.* ¶¶ 15, 16). Finally, separate and apart from the benefits made available to Settlement Class Members, Defendant agrees to pay all administrative expenses, including the cost of Notice, any service awards to the

Class Representatives, and fee and awards awarded by the Court. S.A. ¶ 19.

The Settlement provides strong monetary and non-monetary relief for the Settlement Class that redress the harms allegedly caused by the Data Security Incident. Accordingly, Plaintiffs move this Court to: (1) grant preliminarily approval of the Agreement as fair, reasonable, and adequate; (2) certify the Settlement Class under Rules 23(b)(2) and (3) for settlement purposes; (3) appoint Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as representatives of the Settlement Class; (4) provisionally appoint E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Settlement Class Counsel; (5) find the proposed Agreement to be fair, reasonable, and adequate to allow dissemination of notice of the Agreement to the proposed Settlement Class by the Settlement Administrator; (6) appoint Simpluris, Inc. ("Simpluris") as the Settlement Administrator; (7) approve the Notice Plan described in the Agreement and its Exhibits and direct distribution of the Proposed Notice; (8) set a date for a final approval hearing; and (9) establish a deadline for filing of objections and requests for exclusion.

## II.    STATEMENT OF FACTS

Belle Tire is a corporation which operates a company that provides tire and auto services. Compl., ¶ 1. Plaintiffs allege that, on or about June 11, 2024,

3

Defendant became aware that its computer network had been subject to a cyberattack, compromising the Private Information of Plaintiffs and Class Members. *Id*. ¶ 33. The Data Security Incident involved roughly 29,000 individuals, and the sensitive Private Information compromised included contact information, such as name, address, and date of birth, Social Security number, and driver's license. *Id*., ¶ 5. Plaintiffs allege the Class's Private Information was compromised due to Defendant's negligent acts and omissions and failure to protect the sensitive data of all Class Members and that Defendant unreasonably delayed notifying them after becoming aware of the breach. *Id*., ¶¶ 202, 212. Defendant denies these allegations.

Plaintiffs allege that the Class has suffered injury as a result of Defendant's conduct, including, financial costs incurred mitigating the materialized risk of identity theft; loss of time and loss of productivity incurred mitigating the materialized risk and imminent threat of identity theft; financial costs incurred due to actual identity theft; loss of time incurred due to actual identity theft; deprivation of value of their Private Information; and the continued risk to their sensitive Private Information, which remains in Defendant's possession. *See, e.g., id*., ¶ 10.

## III. PROCEDURAL HISTORY

Starting on November 7, 2024, five actions arising out of the Data Security Incident were filed against Belle Tire. *See* n.3 *supra*. On March 19, 2025, following an earlier Status Conference, the Court consolidated the related cases into the

4

present, first-filed case. ECF No. 8. On April 16, 2025, Plaintiffs filed their Consolidated Complaint (ECF No. 10), and, on May 6, 2025, the parties filed a Stipulated Order to Stay Cases Deadlines Pending Mediation (ECF No. 11). On September 30, 2025, the Parties attended a mediation session with mediator Hon. Morton Denlow (Ret.). The mediation did not produce a resolution, but the Parties continued to engage in intense settlement discussions and, on February 6, 2026, after months of negotiations, the Parties reached an agreement in principle. Decl., ¶ 13.[4] The Parties have since negotiated and finalized the details of the Settlement Agreement and present it here for preliminary approval.

## IV. THE SETTLEMENT TERMS

*Proposed Settlement Class.* The Agreement will provide substantial relief for the following Settlement Class: "All individuals whose Private Information was exposed to unauthorized third parties as a result of the Data Security Incident discovered by Defendant on or before June 11, 2024." S.A. ¶ 9kk (exclusions, *id.*). The Settlement Class contains roughly 29,000 individuals. Decl., ¶ 9.

*The Settlement Benefits.* As explained below, Settlement Class Members may submit a claim for compensation for unreimbursed Documented Losses, up to a total of 150% of a Class Member's Documented Loss with reasonable proof

---

[4] On February 6, 2026, the Court issued a minute-entry noting the Parties reported reaching a preliminary resolution, the settlement documents were being prepared, and Plaintiffs would move for preliminary approval within approximately 45 days.

connecting the loss to the Data Security Incident. Each claimant's recovery under this option is limited to a maximum of $1,000 (S.A. ¶ 14). Alternatively, Settlement Class Members may submit a claim for Alternative Pro Rata Cash Compensation from the non-reversionary Alternative Pro Rata Settlement Fund of $75,000 (*id.* ¶¶ 16, 19). The Settlement also requires Belle Tire to pay Administration Costs, including Notice, and any Service and Fee Awards. *Id.* ¶ 19.

***Class Notice and Settlement Administration.*** The Parties selected Simpluris, Inc. as the Settlement Administrator through a competitive bidding process. Simpluris is experienced in administering data security class claims. S.A. ¶ 9ii; Decl., ¶ 28. *See also* **Exhibit B** (Declaration of Simpluris on administration of the settlement and the notice program).

Within ten (10) days after the issuance of the Preliminary Approval Order, Belle Tire will provide Simpluris with a list of any and all names, email addresses, and last addresses known to Defendant for the individuals that may be Class Members that Defendant has in its possession, custody, or control. S.A. ¶ 43. Notice will begin within thirty (30) days after entry of a Preliminary Approval Order. S.A. ¶ 44. Using the class list provided by Belle Tire, Simpluris will mail the Postcard Notice ("Notice") via USPS mail. The Notice will be mailed to all Settlement Class Members, and, if returned, any returned to Simpluris by the USPS with a forwarding address will be re-mailed to the new address provided by USPS. For returned notices

6

without a forwarding address, Simpluris will perform a "skip trace" search in order to retrieve the most updated information. The database will be updated with any new address found and the Notice will be re-mailed to the updated address.

The Settlement Administrator also will establish and maintain a Settlement Website ("Website") that will host a traditional "Long Form" notice. S.A. ¶ 47. The Notices will refer Settlement Class Members to the Website, which contains important information concerning the benefits made available under the Settlement, and also Settlement Class Members' rights under the Agreement. S.A. ¶ 9nn, 47. The Website shall contain information regarding Claim Form submission (i.e., through the Website) and downloadable documents, including the Long Form Notice, Claim Form, Settlement Agreement, Preliminary Approval Order upon entry by the Court, Motion for Attorneys' Fees, Expenses, and Service Awards, Motion for Final Approval, and Consolidated Complaint. *Id.* The Settlement Website will notify the Settlement Class of the information for the Final Approval Hearing and will provide a phone number and address to contact the Administrator directly. S.A. ¶ 47.

The Notice Plan will be clear and concise and directly apprise Settlement Class Members of claim, objection, and opt-out information. Fed. R. Civ. P. 23(c)(2)(B). The Administrator shall provide 60 days following the Notice Date for submission of Claim Forms. S.A. ¶ 9b. If any claims are deficient, Settlement Class

7

Members shall have 21 days to cure (S.A. ¶ 34), and within 45 days after: (i) the Effective Date (the date on which all conditions of the Agreement are satisfied prior to disbursement, *see* S.A. ¶ 36); or (ii) all Claim Forms have been processed subject to the terms and conditions of the Settlement Agreement, whichever date is later, the Administrator shall cause the required funds to be distributed to Settlement Class Members based on the selection made on their given Claim Form. S.A. ¶ 22.

***Service Awards to Named Plaintiffs.*** The Plaintiffs here, Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis, support the Agreement and have been actively engaged in this litigation. Decl., ¶¶ 27, 30, 31. Plaintiffs assisted Counsel with their investigation into the Data Security Incident, sat through multiple calls, provided supporting documentation and other personal information to Class Counsel regarding the Data Security Incident, and conferred with Class Counsel about the settlement negotiations, providing meaningful input about what potential benefits were most important. *Id.* As such, Plaintiffs will separately petition for a Service Award of $1,250.00, recognizing the time, effort, and expense incurred pursuing claims that benefited the Settlement Class. S.A. ¶ 62.

The requested Service Awards are consistent with service awards approved by Courts in this District in other data privacy cases. *See, e.g.*, *In re Wright & Filippis, LLC Data Sec Breach Litig*, 2024 WL 3083437, at *2 (E.D. Mich. June 20,

2024) (approving $1,500 service awards in data security action); *Strano v Kiplinger Washington Eds, Inc*, 649 F Supp 3d 546, 561 (ED Mich 2023) (preliminarily approving $1,000 service award in data privacy action); *In re CorrectCare Data Breach Litig.*, 2024 WL 4211480, at *5 (E.D. Ky. Sept. 17, 2024) ($2,500).

***Attorneys' Fees and Expenses.*** At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Motion for an award of attorneys' fees and expenses, in which, subject to Court approval, Defendant shall pay $300,000. S.A. ¶ 61, 63. Class Counsel will also cause this Motion to be uploaded to the Settlement Website after filing.

***Release and Dismissal with Prejudice.*** Plaintiffs and the Settlement Class, upon entry of a Final Approval Order, will be deemed to have released all claims against Belle Tire related to the Data Security Incident. S.A. ¶¶ 71f, 71g. The Parties at that time will request that the Court dismiss the action with prejudice.

## V.    ARGUMENT

"The question at the preliminary-approval stage is 'simply whether the settlement is fair enough' to begin the class-notice process." *Moeller v. Wk. Publications, Inc.*, 649 F. Supp. 3d 530, 537 (E.D. Mich. 2023) (citing *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020)). *See also Thomsen v. Morley Companies, Inc.*, 639 F. Supp. 3d 758 (E.D. Mich. 2022) (same). A settlement should be preliminarily approved if it "does not disclose

9

grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys" and "appears to fall within the range of possible approval." *Garner*, 333 F.R.D. at 621.[5] Further, "it is clear the bar is lower for preliminary approval than it is for final approval." *Id.*

### A. The Court Should Certify the Proposed Settlement Class

Before preliminarily approving a proposed settlement, a Court must determine that the proposed settlement class is appropriate for certification. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Class certification is proper if the proposed class satisfies the numerosity, commonality, typicality, and adequacy of representation requirements. Fed. R. Civ. P. 23(a). Because certification is sought under Rule 23(b)(3), Plaintiffs must also demonstrate that common questions of law or fact predominate over individual issues and that a class action is the superior device to adjudicate the claims. *Amchem*, 521 U.S. at 615-16. District courts have broad discretion to determine whether certification is appropriate. *See In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). For the reasons stated below, the Settlement Class satisfies Rule 23(a) and 23(b)(3) and should be certified.

### 1. Rule 23(a) Requirements Are Met for Settlement Purposes

---

[5] Unless otherwise noted, all citations and internal quotations are omitted.

***Numerosity and Ascertainability.*** The first prerequisite is that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "In most cases, a class in excess of forty members will do." *Curry v. SBC Commc'ns, Inc.*, 250 F.R.D 301, 310 (E.D. Mich. 2008). The Settlement Class includes roughly 29,000 individuals identified by Belle Tire, thus satisfying the numerosity requirement for purposes of settlement. Decl., ¶¶ 4, 9. The Class is thus also ascertainable. *See Kinder v. Nw. Bank*, 278 F.R.D. 176, 182 (W.D. Mich. 2011) (class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member").

***Commonality.*** Rule 23(a)(2) is satisfied when questions of law or fact are common to the class, the resolution of which will bring a class-wide resolution. Fed. R. Civ. P. 23(a)(2). It may be shown when the claims all "depend upon a common contention," with a single common question sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The common contention must be capable of class-wide resolution and the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Here, Plaintiffs' claims turn on the adequacy of Belle Tire's data security in protecting Settlement Class Members' Private Information. Evidence to resolve that claim does not vary among class members, and so can be fairly resolved, for purposes of settlement, for all Settlement Class Members at once.

11

*Typicality.* A class representative's claims must be typical of those of other class members. Fed. R. Civ. P. 23(a)(3). Plaintiffs satisfies the typicality requirement because their "claim[s] arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). Typicality assesses "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). The claims need not be identical; rather, they need only "arise from the same course of conduct." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997). The "court must inquire whether the interests of the named plaintiff are aligned with those of the represented group, such that in pursuing his own claims, the named plaintiff will also advance the interests of the class members.'" *Garner*, 333 F.R.D. at 623. Plaintiffs allege that Settlement Class Members had their Private Information compromised as a result of the Data Security Incident and were allegedly impacted by the same inadequate data security that harmed the Class. Thus, Plaintiffs' pursuit of their claims necessarily advances the interests of the Settlement Class, satisfying typicality.

*Adequacy.* Class representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "Class representatives are adequate

12

when it appears that they will vigorously prosecute the interest of the class through qualified counsel . . . which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 626 (6th Cir. 2007). Here, Plaintiffs have demonstrated their adequacy by: (i) selecting well-qualified Class Counsel; (ii) producing information and documents to Class Counsel to permit investigation and development of the pleadings; (iii) being available as needed throughout the litigation; (iv) monitoring the litigation; and (v) actively participating in the settlement negotiations on behalf of the Settlement Class. *See* Decl., ¶ 35. Class Counsel regularly engage in data privacy cases, devoted the resources necessary to prosecute this case, and have frequently been appointed lead class counsel in data security and other class actions. *Id.* ¶ 39. Class Counsel have adequately represented the Settlement Class by: (i) investigating Plaintiffs' claims; (ii) analyzing Plaintiffs' detailed personal records; (iii) analyzing the scope of the Data Security Incident and Defendant's remedial steps, and financial condition; and (iv) participating in months of settlement negotiations that produced an Agreement that provides meaningful relief for the Settlement Class, despite substantial litigation risks. *Id.* ¶ 38. Class Counsel have vigorously prosecuted this case and will continue to work diligently on behalf of the Settlement Class throughout the settlement administration process.

## 2. Rule 23(b) Requirements Are Met for Settlement Purposes

After satisfying Rule 23(a), a plaintiff must also satisfy one of the three requirements of Rule 23(b) for a court to certify a class. Fed. R. Civ. P. 23(b); *see also Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528, 536 (E.D. Mich. 2013).

Plaintiffs seek certification under Rule 23(b)(3), which requires that: (i) common questions of law and fact predominate over individualized ones, and that (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "A plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Beattie*, 511 F.3d at 564. This requirement considers "the difficulties likely to be encountered in the management of a class action" and issues with individual litigation. *Id.*; *see also Amchem*, 521 U.S. at 617 ("[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action[.]"). The proposed Settlement Class satisfies the above.

***Common Questions of Law and Fact Predominate.*** Predominance focuses on whether the defendant's alleged liability is common enough to warrant class-wide adjudication. *Amchem*, 521 U.S. at 623. The class must be "sufficiently cohesive to warrant adjudication by representation." *Id.* Rule 23(b)(3) "require[s] that common

14

issues predominate over individual issues." *Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47, 61 (E.D. Mich. 2016). Predominance is met if a single factual or legal question is "at the heart of the litigation." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Data security cases present questions of law and fact central to liability and predominate over any individual issue. The alleged course of conduct and data security issues was uniform across the Settlement Class, so the claims "will prevail or fail in unison." *Whirlpool*, 722 F.3d at 859. Class-wide determination of this will be the same, so predominance is satisfied.

*A Class Action is the Superior Method of Adjudication.* Certification of this suit as a class action is superior to other methods to fairly, adequately, and efficiently resolve the claims here. "The superiority requirement of Rule 23(b)(3) is met if the class action is a better way than individual litigation to adjudicate a claim." *Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 407-08 (E.D. Mich. 2012). Such is especially true in situations which "vindicat[e] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem*, 521 U.S. at 617. Adjudicating individual actions here is impracticable: the amount in dispute per person is too small given the complexity, including costs for document review, technical issues, and experts. Individual damages are insufficient to allow such actions—at least not with the aid of adequate counsel. Such prosecution would delay resolution, and may lead to inconsistent

15

rulings.[6] Thus, the Court should certify the Class pursuant to Rule 23(b)(3). Belle Tire does not oppose class certification for settlement purposes.

### B.      The Court Should Appoint Proposed Class Counsel

The next step when deciding whether to preliminarily approve a settlement is to appoint class counsel; "a court that certifies a class must appoint class counsel" who "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Courts generally consider the following: (1) proposed class counsel's work in investigating potential claims; (2) proposed counsel's experience in handling class actions or other complex litigation, and the types of claims asserted; (3) proposed counsel's knowledge of the applicable law; and (4) proposed counsel's resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

Proposed Class Counsel has extensive experience prosecuting data security and other complex cases, and dedicated substantial resources to this case, including negotiating this Settlement. Decl., ¶ 39. The Court should thus provisionally appoint E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Class Counsel.

### C.      The Proposed Settlement Is Fundamentally Fair, Reasonable, and Adequate and Thus Warrants Preliminary Approval

---

[6] The Court need not consider trial manageability. *Amchem*, 521 U.S. at 620 ("with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems").

Settlement of class actions is favored. *Newberg on Class Actions* § 11.41 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy."). The first step is a "preliminary, pre-notification hearing to determine whether the proposed settlement is within the range of possible approval." *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010). A court makes an initial fairness evaluation of this settlement based on written submissions and informal presentations from the settling parties. *Manual for Complex Litigation* § 21.632 (4th ed. 2004). The Court must "ensur[e] that the proposed settlement is not illegal or collusive" based upon the "issues and evidence" and "the arms-length nature of the negotiations prior to the proposed settlement." *Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 270 (E.D. Ky. 2009).

Rule 23(e)(2) provides factors for the Court to consider to determine if a settlement is "fair, reasonable, and adequate," examining whether: (A) class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the class relief is adequate, reviewing: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing class relief, including the processing of class-member claims; (iii) the terms of any proposed attorney's fee, including timing; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitable to each other. Fed. R. Civ. P. 23(e)(2). The Sixth Circuit

17

provides its own factors to consider, including the: (1) risk of fraud or collusion; (2) complexity, expense and likely duration of the litigation; (3) extent of discovery completed by the parties; (4) likelihood of success on the merits; (5) opinions of class counsel and class representatives; (6) reaction of absent class members; and (7) public interest. *UAW*, 497 F.3d at 631. The Settlement meets each consideration.

1. **The Rule 23(e)(2) Factors Weigh in Favor of Preliminary Approval**

First, as discussed above, Plaintiffs and Class Counsel have adequately represented the Class, securing a substantial recovery for the roughly 29,000 Settlement Class Members. S.A. ¶ 9ll. *See, e.g.*, *Vickery v. Family Health Center, Inc.*, No. 24-0404 (Kalamazoo Cnty. Cir. Ct. Sept. 15, 2025) ($50 cash payment with similar sized class). Plaintiffs and Class Counsel have also confirmed that remedial measures were undertaken following the Data Security Incident. Decl., ¶ 21.

Second, the Agreement was negotiated at arm's-length after months of hard-fought negotiations and after the continued exchange of information sufficient to assess the strengths and weaknesses of each Party's position. Decl., ¶ 11. Indeed, the Parties began negotiating a potential settlement in May 2025, negotiating until reaching an agreement in principle on February 6, 2026. *Id.*, ¶ 18.

Third, when considering the likelihood of success at trial, complexity, expense, and duration of litigation, the relief provided is exceptionally reasonable. The Settlement provides the opportunity to make a claim for monetary benefits,

18

including: (i) reimbursement for Documented Losses up to $1,000, or (ii) Alternative Pro Rata Cash Compensation from the non-reversionary Alternative Pro Rata Settlement Fund. S.A. ¶ 13.

Fourth, the Agreement treats Settlement Class Members equitably. Here, all Settlement Class Members had their Private Information allegedly compromised in the Data Security Incident, and all will have the same remedy and equal opportunity to claim the benefits of the Parties' proposed Agreement. Indeed, each Settlement Class Member may elect one of two avenues of recovery. S.A. ¶¶ 13-16. This settlement structure has received court approval in other data security cases. *See Vickery*; *McClain v. Henry Ford Health*, No. 25-801 (Wayne Cnty. Cir. Ct. Oct. 8, 2025); *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 677–78 (9th Cir. 2025) (similar claims process found to be fair and adequate); and in other class actions as well, *see Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 288-90 (6th Cir. 2016) (approving similar settlement where notice was clear and claims process was fair and not unduly burdensome).

Finally, the Agreement is available for review by all Class Members.

## 2. The Sixth Circuit's *UAW* Factors Support Preliminary Approval

First, the Agreement is the result of informed, non-collusive, arm's length negotiations between the Parties. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt v.*

*ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008). The Parties engaged in months of settlement negotiations, including participating in a mediation and then continuing to negotiate for months after it. Decl., ¶¶13, 18. The Parties also exchanged information throughout this period, which allowed Class Counsel to confirm important information regarding the Data Security Incident and the Defendant, including: (i) the type of Private Information compromised in the Data Security Incident; and (ii) the size of the Settlement Class. *Id.* ¶ 10.

Second, the complexity, expense and likely duration of the litigation favors approval of the Settlement. *See In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 497 (E.D. Mich. 2008) ("expense and possible duration of litigation are major factors to be considered in evaluating the reasonableness of a settlement"). "For class actions in particular, courts view settlement favorably because it avoids the costs, delays and multitudes of other problems associated." *Id.* As discussed above, absent early resolution, this case has the potential to persist for years. Pre-trial litigation would be extensive, with voluminous discovery needed from Belle Tire and third-parties used in an information technology capacity. Experts would be required to testify regarding Belle Tire's data security practices and industry standard practices. Fact-finding would be required into what Private Information was taken, how, and what impact this had and will have on the Settlement Class. Plaintiffs would also need to survive dispositive motions and

20

prevail on a motion for class certification. Such motion practice and appeals could consume years, during which the law could change and threaten Plaintiffs' and Class Members' claims. Given the complexity of the claims and arguments here, a lengthy trial would follow. Rather than pursuing uncertain litigation, Plaintiffs negotiated the Settlement, which provides immediate and meaningful relief.

Third, the Parties engaged in sufficient fact-finding, and Plaintiffs had enough information to "adequately assess [her] case and the desirability of the proposed settlement[.]" *Kritzer v. Safelite Solutions, LLC*, 2012 WL 1945144, at *7 (S.D. Ohio May 30, 2012). Courts often "defer to the judgment of experienced trial counsel with regard to the evaluation of the strength of the case and the desirability of settlement at this stage of the proceeding." *Id.* With the help of Plaintiffs, Class Counsel made an informed decision regarding the appropriateness of settlement in this case. Throughout the settlement negotiation process, Class Counsel received informal discovery pertaining to Defendant's data security measures, the size of the Class, and the type of Private Information potentially accessed. Decl., ¶ 10; *see also In re Wawa, Inc. Data Sec. Litig.*, 2021 WL 3276148, at *9 n.4 (E.D. Pa. July 30, 2021) ("the [parties] did not engage in 'formal' discovery, that is not necessarily an obstacle for preliminary approval of a class action settlement, especially where, as here, the parties have exchanged important informal discovery"); *Trombley v. Nat'l City Bank*, 759 F. Supp. 2d 20, 26 (D.D.C. 2011) ("Although the Court will consider

21

the timing of the settlement and the amount of discovery conducted at the final approval stage, the Court will not deny preliminary approval due to the absence of significant discovery.").

Class Counsel thoroughly evaluated damages and all relevant issues, became well informed about the strengths and weaknesses of the case, and obtained an excellent settlement for the Settlement Class. Decl., ¶ 11; *see also UAW*, 2008 WL 2968408, at \*26 (use of informal discovery is an adequate tool for class counsel to make informed decision). Combined with their experience, Class Counsel had the information needed to "adequately assess the[] case and the desirability of the proposed settlement." *See Kritzer*, 2012 WL 1945144, at \*7.

Fourth, weighed against the likelihood of success on the merits, the Agreement provides favorable relief. To "judge fairness" of a proposed settlement, courts "weigh the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *UAW*, 497 F.3d at 631. While Plaintiffs are confident in their claims, data security cases face substantial hurdles in advancing past the pleading stage. *See Hammond v. The Bank of N.Y. Mellon Corp.*, 2010 WL 2643307, at \*1-2 (S.D.N.Y. June 25, 2010) (collecting cases). Cases implicating data far more sensitive have been found lacking at the district court level. *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 266 F. Supp. 3d 1, 19 (D.D.C. 2017), *reversed in part*, 928 F.3d 42 (D.C. Cir. June 21, 2019). As observed

22

in finally approving a settlement with similar class relief, "[d]ata breach litigation is evolving; there is no guarantee of the ultimate result . . . [they] are particularly risky, expensive, and complex." *Fox v. Iowa Health Sys.*, 2021 WL 826741, at *5 (W.D. Wis. Mar. 4, 2021). Given this risk, settlement is prudent when a reasonable one can be reached. Damages methodologies in such cases, while sound in Plaintiffs' view, remain untested in a disputed class certification setting and unproven in front of a jury. And as in any data security case, establishing causation on a class-wide basis is uncertain. *See, e.g.*, *In re Hannaford Bros. Co. Cust. Data Sec. Breach Litig.*, 293 F.R.D. 21 (D. Me. 2013). The ability to be compensated for Documented Losses or elect Alternative Pro Rata Cash Compensation provides ample compensation for individual and aggregate class-wide claims, and is comparable to that of other data privacy settlements finally approved by Michigan courts. *See Vickery* (finally approving settlement with $50 cash payment or documented loss); *McClain* (finally approving settlement with $15 cash payment). This underscores the strength of this resolution.

Fifth, the Proposed Class Counsel and Class Representatives support approval. *See* Decl., ¶¶ 27, 28. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement." *UAW*, 2008 WL 4104329, at *26. This *UAW* factor, therefore, favors preliminary approval.

Sixth, the reaction of absent Class Members is unknown as the Class has yet

23

to have the chance to voice its support. Nonetheless, Plaintiffs and Class Counsel believe the Settlement is fair, reasonable, and adequate and in the Class's best interest. Decl., ¶¶ 27, 28; *see also In re Fed. Skywalk Cases*, 97 F.R.D. 380, 389 (W.D. Mo. 1983) ("While the Court cannot blindly accept the recommendation of class counsel, the Court is entitled to and does place considerable weight on their recommendations."); *Fisher Bros. v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446, 552 (E.D. Pa. 1985) ("[T]he professional judgment of counsel involved in the litigation is entitled to significant weight."). This factor favors approval.

Seventh, the Agreement is in the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously different and unpredictable and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003). Thus, all of the *UAW* factors weigh in favor of approval.

### D.     The Proposed Notice Plan Is the Best Practicable

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances" who "can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1). Notice is "adequate if it may be understood by the average class member." Newberg § 11:53

24

at 167. As shown by the proposed notices, the Notice Plan developed by both Parties through the Agreement satisfies the requisite criteria.

## VI.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully requests that the Court grant Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. A proposed order is attached hereto as **Exhibit C**.

Dated: April 13, 2026                                  Respectfully submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

Casondra Turner
**MILBERG PLLC**
260 Peachtree Street NW, Suite 2200
Atlanta, GA 30303
Tel: (866) 252-0878
E: cturner@milberg.com

Scott Edward Cole, Esq.
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
(510) 891-9800
sec@colevannote.com

*Proposed Settlement Class Counsel*

25

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2026, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/     *E. Powell Miller*
E. Powell Miller