**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re Belle Tire Distributors, Inc. Data Breach Litigation* | Case No. 2:24-cv-12966-MFL-CI<br><br>Hon. Matthew F. Leitman<br><br>**CLASS ACTION** |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 23(e)(2) ("Rule 23"), Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court for final approval of the class action Settlement that this Court preliminarily approved on April 28, 2026 (ECF No. 22).

Plaintiffs respectfully request this Court to:

1. Grant final certification of the Settlement Class for settlement purposes pursuant to Rule 23(a) and (b)(3);

2. Finally appoint Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as Class Representatives;

3. Finally appoint E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Settlement Class Counsel;

4. Find that the Notice met the requirements of Rule 23(c)(2)(B);

5. Find that the terms of the Settlement Agreement are fair, reasonable, and adequate and are approved, adopted, and incorporated by the Court;

6. Direct the Parties, their respective attorneys, and the Settlement Administrator to consummate the Settlement in accordance with the [Proposed] Final Judgment and Order Granting Final Approval to Class Action Settlement ("[Proposed] Final Judgment") and terms of the Settlement Agreement; and

7. Resolve all claims as to all Parties and Class Members in this action

and issue the [Proposed] Final Judgment.

This Motion is based on: (1) this Motion; (2) the Brief in Support filed herewith; (3) the Joint Declaration of Settlement Class Counsel in Support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, attached as Exhibit A to the Brief in Support; (4) the Declaration of Lisa Pavlik by the court-appointed Settlement Administrator, Simpluris, Inc. in Support of Final Approval of Settlement, attached as Exhibit B to the Brief in Support; (5) all other pleadings and papers on file in this action; and (6) any oral argument that may be heard by this Court at or prior to the Final Approval Hearing.

Pursuant to Local Rule 7.1(a)(1), on August 14-18, 2026, Plaintiffs' Counsel corresponded with counsel Defendant regarding concurrence in the filing of Plaintiffs' Motion for Final Approval of Class Action Settlement. Defendant does not oppose the relief requested.

Dated: August 19, 2026

Respectfully Submitted,

/s/ *E. Powell Miller*

E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

Casondra Turner
**MILBERG PLLC**

260 Peachtree Street NW, Suite 2200
Atlanta, GA 30303
Tel: (866) 252-0878
E: cturner@milberg.com

Scott Edward Cole, Esq.
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
(510) 891-9800
sec@colevannote.com

*Settlement Class Counsel*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re Belle Tire Distributors, Inc. Data Breach Litigation* | Case No. 2:24-cv-12966-MFL-CI<br><br>Hon. Matthew F. Leitman<br><br>**CLASS ACTION** |

**BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## STATEMENT OF ISSUES PRESENTED

1. Should the Court grant final certification of the Settlement Class pursuant to the Federal Rules of Civil Procedure Rule 23(a) and (b)(3)?

**Plaintiffs Answer: Yes**

2. Should the court finally appoint Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as Class Representatives because they have fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs Answer: Yes**

3. Should the Court finally appoint E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Settlement Class Counsel, finding that these firms have fairly and adequately represented the interests of the Settlement Class?

**Plaintiffs Answer: Yes**

4. Should the Court find that the Notice met the requirements of Fed. R. Civ. P. 23(c)(2)(B)?

**Plaintiffs Answer: Yes**

5. Should the Court find that the proposed settlement is fair, reasonable, and adequate, and so grant final approval to it pursuant to Fed. R. Civ. P. 23(e)(2)?

**Plaintiffs Answer: Yes**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

- Fed. R. Civ. P. 23

- *Eisen v. Carlisle & Jacquelin*
  417 U.S. 156 (1974)

- *In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003)

- *Leonhardt v. ArvinMeritor, Inc.*,
  581 F. Supp. 2d 818 (E.D. Mich. 2008)

- *UAW v. Gen. Motors Corp.*,
  2006 WL 891151 (E.D. Mich. Mar. 31, 2006)

- *UAW v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007)

- *Williams v. Vukovich*,
  720 F.2d 909 (6th Cir. 1983)

- Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010)

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................1

II. STATEMENT OF FACTS ........................................................................3

III. BACKGROUND ......................................................................................4

IV. CLASS DEFINITION ..............................................................................4

V. THE NOTICE PLAN COMPORTS WITH DUE PROCESS ........................4

VI. THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED ...........................................................6

A. Rule 23(a) Requirements Are Met for Settlement Purposes ........................6

B. Rule 23(b) Requirements Are Met for Purposes of Settlement.....................9

1. Common Questions of Law and Fact Predominate ..................................10

2. A Class Action Is the Superior Method of Adjudication...........................11

VII. THE SETTLEMENT SHOULD BE FINALLY APPROVED .....................12

A. The Rule 23(e)(2) Factors Weigh in Favor of Final Approval ..................13

B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval. .......14

1. There Is No Risk of Fraud or Collusion (*UAW* Factor 1) ..........................14

2. Litigation Through Trial Would be Complex, Costly, and Long (*UAW* Factor 2) ..................................................................................................15

3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)..........................................................16

4. Plaintiffs Face Real Risks if the Case Proceeded (*UAW* Factor 4) ...........16

5. Settlement Class Counsel and Class Representatives Support the Settlement (*UAW* Factor 5)......................................................................17

6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6). ................................................................................................18

7. The Settlement Serves the Public Interest (*UAW* Factor 7).......................19

VIII. FINAL APPOINTMENT OF SETTLEMENT CLASS COUNSEL AND CLASS REPRESENTATIVES ...............................................................20

IX. CONCLUSION........................................................................................21

# TABLE OF AUTHORITIES

## Cases

*Amchem Prod., Inc. v. Windsor*,
521 U.S. 591 (1997) .......... 10, 11, 12
*Beattie v. CenturyTel, Inc.*,
511 F.3d 554 (6th Cir. 2007).......... 8, 10
*Bittinger v. Tecumseh Prods. Co.*,
123 F.3d 877 (6th Cir. 1997) .......... 8
*Calloway v. Caraco Pharm. Labs., Ltd.*,
287 F.R.D. 402 (E.D. Mich. 2012) .......... 11
*Curry v. SBC Commc'ns, Inc.*,
250 F.R.D 301 (E.D. Mich. 2008) .......... 7
*Dick v. Sprint Commc'ns Co. L.P.*,
297 F.R.D. 283 (W.D. Ky. 2014).......... 5
*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974).......... 5, 20
*Fidel v. Farley*,
534 F.3d 508 (6th Cir. 2008) .......... 5
*Garner Properties & Mgmt., LLC v. City of Inkster*,
333 F.R.D. 614 (E.D. Mich. 2020) .......... 8
*George v. Acad. Mortg. Corp.*,
369 F. Supp. 3d 1356 (N.D. Ga. 2019) .......... 19
*Hall v. Bank of Am., N.A.*,
2014 WL 7184039 (S.D. Fla. Dec. 17, 2014).......... 19
*Halliday v. Weltman, Weinber & Reis Co., L.P.A.*,
2013 WL 692856 (E.D. Mich. Feb. 26, 2013).......... 12
*Hanlon v. Chrysler*,
150 F.3d 1011 (9th Cir. 1998).......... 18
*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003) .......... 18, 19
*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .......... 19
*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*,
2009 WL 5184352 (W.D. Ky. Dec. 22, 2009).......... 5
*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
722 F.3d 838 (6th Cir. 2013).......... 11
*IUE-CWA v. Gen. Motors Corp.*,
238 F.R.D. 583 (E.D. Mich. 2006) .......... 19

*Kinder v. Nw. Bank*,
278 F.R.D. 176 (W.D. Mich. 2011)....................7
*Leonhardt v. ArvinMeritor, Inc.*,
581 F. Supp. 2d 818 (E.D. Mich. 2008) .................... 12, 14
*Machesney v. Lar-Bev of Howell, Inc.*,
317 F.R.D. 47 (E.D. Mich. 2016) ....................11
*Massiah v. MetroPlus Health Plan, Inc.*,
2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) ....................18
*Merenda v. VHS of Michigan, Inc.*,
296 F.R.D. 528 (E.D. Mich. 2013) ....................10
*Olden v. Gardner*,
294 F. App'x 210 (6th Cir. 2008) ....................18
*Powers v. Hamilton Cty. Pub. Def. Comm'n*,
501 F.3d 592 (6th Cir. 2007) ....................11
*Sheick v. Auto. Component Carrier, LLC*,
2010 WL 3070130 (E.D. Mich. Aug. 2, 2010) ....................14
*Sprague v. General Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ....................8
*UAW v. Ford Motor Co.*,
2008 WL 4104329 (E.D. Mich. Aug. 29, 2008)....................18
*UAW v. Gen. Motors Corp.*,
2006 WL 891151 (E.D. Mich. Mar. 31, 2006) ....................5, 15
*UAW v. Gen. Motors Corp.*,
497 F.3d 615 (6th Cir. 2007) .................... passim
*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011)....................7
*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983) ....................12

## Other Authorities

4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.) .............................20
Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010) ..........................................................................5

## Rules

Fed. R. Civ. P. 23(a)..........................................................................................10
Fed. R. Civ. P. 23(a)(1)..........................................................................................6
Fed. R. Civ. P. 23(a)(2)..........................................................................................7
Fed. R. Civ. P. 23(a)(3)..........................................................................................7
Fed. R. Civ. P. 23(a)(4)..........................................................................................8
Fed. R. Civ. P. 23(b)..............................................................................................9
Fed. R. Civ. P. 23(b)(3)........................................................................................10
Fed. R. Civ. P. 23(c)(2)(B).....................................................................................5
Fed. R. Civ. P. 23(e)............................................................................................12
Fed. R. Civ. P. 23(e)(2)................................................................................ 12, 13
Fed. R. Civ. P. 23(f).................................................................................... 15, 17
Fed. R. Civ. P. 23(g)(1)(A)(i–iv)..........................................................................20
Fed. R. Civ. P. 23(g)(1)(B)...................................................................................20

## I. INTRODUCTION

On April 28, 2026, this Court preliminarily approved the Parties' class action Settlement ("Settlement") and Ordered that notice be given to Settlement Class Members (ECF No. 22). Class Members who submitted a valid claim by the Claims Deadline were eligible to elect one of the following benefits: (1) up to a total of 150% of a Class Member's Documented Loss with reasonable proof connecting the loss to the Data Security Incident, up to $1,000.00, or (2) Alternative Pro Rata Cash Compensation—from the non-reversionary Alternative Pro Rata Settlement Fund. *See* Settlement Agreement ("S.A."), ¶¶ 14–16.[1]

Settlement Class Counsel zealously prosecuted Plaintiffs' claims, achieving the Settlement Agreement only after a diligent investigation, extensive arm's-length negotiations, including a full-day mediation with experienced mediator Honorable Morton Denlow (Ret.) of JAMS on September 30, 2025, and an extensive period further negotiating the components of the Settlement Agreement, lasting several months. This Settlement represents an excellent result for the Settlement Class in this litigation. Although Plaintiffs believe in the merits of their claims, this litigation was inherently risky and complex. The claims involve the intricacies of data security litigation (a fast-developing area in the law), and Plaintiffs faced risks at each stage

[1] The Settlement Agreement is attached as Exhibit 1 to the Joint Declaration of Settlement Class Counsel in Support of the present Motion (**Exhibit A** hereto).

of litigation. Against these risks, it was through the hard-fought negotiations, as well as the skill and hard work of Settlement Class Counsel and the Class Representatives that the Settlement Agreement was achieved for the benefit of the Settlement Class.

Settlement Administrator Simpluris, Inc. successfully disseminated Notice to the Settlement Class. Simpluris determined there were a total of 28,665 Settlement Class Members. *See* Declaration of Lisa Pavlik of Simpluris, Inc. in Support of Final Approval of Settlement, ¶ 6 ("Pavlik Decl."), attached hereto as **Exhibit B**. Postcard Notice was provided via U.S. First Class Mail to 17,714 persons and Email Notice was further provided to 10,219 Settlement Class Members. Pavlik Decl., ¶¶ 8–11.

Thus, Notice reached 27,933 of the 28,665 Settlement Class Members, which is approximately 97.45% of the Settlement Class, easily meeting the due process standard. *Id.*, ¶ 12. The Notice was written in plain language and informed each Settlement Class Member how to reach the Settlement website, how to submit a claim, and how to opt-out or object to the Settlement. To date, Class Members have submitted 575 Claims.[2] *Id.*, ¶ 15. As of August 10, 2026, no Settlement Class Members have opted out or objected. *Id.*, ¶¶ 19–21.

As discussed in Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Award (ECF No. 25), Plaintiffs respectfully request that the Court approve a

[2] And each Settlement Class Member who submitted a claim for an Alternative Pro Rata Cash Payment will receive a significant recovery, roughly $131.35.

$1,250.00 Service Award for each Named Plaintiff and an award of $300,000.00 to Settlement Class Counsel for Attorneys' Fees and Litigation Costs (of which roughly $18,500 is for Litigation Costs).

## II. STATEMENT OF FACTS

Belle Tire is a corporation which operates a company that provides tire and automotive services. Compl., ¶ 1. Plaintiffs allege that, on or about June 11, 2024, Defendant became aware that its computer network had been subject to a cyberattack (the "Data Security Incident"), compromising the Private Information of Plaintiffs and Class Members. *Id.*, ¶ 33. The Data Security Incident involved roughly 29,000 individuals, and the sensitive Private Information compromised included contact information, such as name, address, and date of birth, Social Security number, and driver's license. *Id.*, ¶ 33. Plaintiffs allege the Class's Private Information was compromised due to Defendant's negligent acts and omissions and failure to protect the sensitive data of all Class Members and that Defendant unreasonably delayed notifying them after becoming aware of the breach. Defendant denies these allegations.

Plaintiffs allege that the Class has suffered injury as a result of Defendant's conduct, including, financial costs incurred mitigating the materialized risk of identity theft; loss of time and loss of productivity incurred mitigating the materialized risk and imminent threat of identity theft; financial costs incurred due

to actual identity theft; loss of time incurred due to actual identity theft; deprivation of value of their Private Information; and the continued risk to their sensitive Private Information, which remains in Defendant's possession.

## III. BACKGROUND

Plaintiffs incorporate by reference the additional factual and procedural background on this case included in Plaintiffs' Motion for Preliminary Approval (ECF No. 20)—Settlement Class Members can access and review that motion in full on the Settlement Website: https://belletiredataincident.com/documents/.

## IV. CLASS DEFINITION

The proposed Settlement Class is defined as follows: "all individuals whose Private Information was exposed to unauthorized third parties as a result of the Data Security Incident discovered by Defendant on or before June 11, 2024." S.A. ¶ 9(kk) (also listing persons excluded from the Settlement). In exchange for the Settlement benefits, Settlement Class Members will release any and all claims against Defendants and the Released Parties relating to the Data Security Incident as set forth in the Settlement Agreement. SA ¶¶ 80–88.

## V. THE NOTICE PLAN COMPORTS WITH DUE PROCESS

Before final approval can be granted, due process and Rule 23 require that the notice provided to the Settlement Class is "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified

through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). Notice "need only be reasonably calculated . . . to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 2006 WL 891151, at *33 (E.D. Mich. Mar. 31, 2006) (citation omitted). Notice must clearly state essential information regarding the settlement, including the nature of the action, terms of the settlement, and class members' options. *See* Fed. R. Civ. P. 23(c)(2)(B); *Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 292 (W.D. Ky. 2014). At its core, "[a]ll that the notice must do is fairly apprise the prospective members of the class of the terms of the proposed settlement so that class members may come to their own conclusions about whether the settlement serves their interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 630 (6th Cir. 2007).

Due process does not require that every class member receive notice, and a notice plan is reasonable if it reaches at least 70% of the class. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); Fed. Judicial Ctr., Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 3 (2010); *see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, 2009 WL 5184352, at *12 (W.D. Ky. Dec. 22, 2009) (finding notice plan to be "the best notice practicable" where combination of mail and publications notice reached 81.8% of the class). The Notice Plan here meets this standard, as it provided direct notice to 97.45% of the

Settlement Class. Pavlik Decl., ¶ 12; *see also id.*, ¶¶ 8, 9, 11.

This Court approved the proposed Notice Plan, finding it met the requirements of Rule 23 and due process. ECF No. 22. The Notice Plan has now been fully carried out by Settlement Administrator Simpluris, a qualified third-party claims administrator that provided notice to the Settlement Class Members and has and is continuing to process claims. Pavlik Decl., ¶¶ 3, 4, 15, 16. The Notice Program satisfies FRCP 23's "best notice practicable" requirement. The Notice Program included the dissemination of individual notice via U.S. mail to all Settlement Class Members as well as via email to those who had an available email address. *Id.*, ¶¶ 7–9. The Settlement Administrator also created and maintained a Settlement Website with access to key settlement documents. *Id.*, ¶ 13. For any Postcard Notices that were returned undeliverable, the Settlement Administrator used reasonable efforts to identify updated mailing addresses and resend the postcard notices. *Id.*, ¶ 11. 97.45% of Settlement Class received direct mail notice—an excellent result. *See Id.*, ¶ 12.

## VI. THE SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23 AND SHOULD BE CERTIFIED

### A. Rule 23(a) Requirements Are Met for Settlement Purposes

***Numerosity and Ascertainability.*** The first prerequisite is that the "class is so numerous that joinder of all members is impracticable." Rule 23(a)(1). "In most cases, a class in excess of forty members will do." *Curry v. SBC Commc'ns, Inc.*,

250 F.R.D 301, 310 (E.D. Mich. 2008). The Settlement Class includes roughly 28,665 individuals, *see supra*, satisfying the numerosity requirement for purposes of settlement. The Class is also ascertainable, as Belle Tire knows the identity of each of these Class Members. *See Kinder v. Nw. Bank*, 278 F.R.D. 176, 182 (W.D. Mich. 2011) (class must be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member").

***Commonality.*** Rule 23(a)(2) is satisfied when questions of law or fact are common to the class, the resolution of which will bring a class-wide resolution. Fed. R. Civ. P. 23(a)(2). It may be indicated when the claims all "depend upon a common contention," with a single common question sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The common contention must be capable of class-wide resolution and the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Here, Plaintiffs' claims turn on the adequacy of Belle Tire's data security measures. Evidence to resolve that claim does not vary among Settlement Class Members, and so can be fairly resolved, for purposes of settlement, for the entire Settlement Class at once.

***Typicality.*** A class representative's claims must be typical of those of other class members. Fed. R. Civ. P. 23(a)(3). Plaintiffs satisfy the typicality requirement where their "claim arises from the same event or practice or course of conduct that

gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007). Typicality assesses "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998). The claims need not be identical; rather, they need only "arise from the same course of conduct." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997). The "court must inquire whether the interests of the named plaintiff are aligned with those of the represented group, such that in pursuing his own claims, the named plaintiff will also advance the interests of the class members.'" *Garner Properties & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 623 (E.D. Mich. 2020). Plaintiffs allege that each Settlement Class Member had their PII compromised as a result of the Data Security Incident, and were thus impacted by the same allegedly inadequate data security that Plaintiffs allege harmed the rest of the Settlement Class. Thus, Plaintiffs' pursuit of their own claims necessarily advances the interests of the Settlement Class, satisfying the typicality requirement.

***Adequacy.*** Class representatives must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "Class representatives are adequate when it appears that they will vigorously prosecute the interest of the class through

qualified counsel . . . which usually will be the case if the representatives are part of the class and possess the same interest and suffer the same injury as the class members." *UAW*, 497 F.3d at 626. The preliminarily-approved Representatives have no conflict, have participated actively, and are represented by attorneys experienced in class actions, including data breach cases. Settlement Class Counsel regularly engage in consumer privacy cases, have the resources necessary to prosecute this case, and have frequently been appointed lead class counsel in data breach cases and other class actions. *See* Joint Declaration of Settlement Class Counsel ("Joint Decl.") ¶ 19, attached hereto as **Exhibit A** to this Motion. Settlement Class Counsel have devoted substantial resources to this action: investigating Plaintiffs' claims; analyzing the scope of the Data Security Incident and Belle Tire's privacy policies; reviewing the remedial steps taken by Belle Tire and its financial wherewithal to fund a settlement; participating in mediation; and, ultimately, negotiating a Settlement that provides meaningful relief for the Settlement Class in the face of substantial litigation risks. *Id.*, ¶ 20. Settlement Class Counsel have vigorously prosecuted this case and will work diligently on behalf of the Settlement Class throughout the administration process. *Id.*

### B. Rule 23(b) Requirements Are Met for Purposes of Settlement

After satisfying Rule 23(a), a plaintiff must also satisfy one of the three requirements of Rule 23(b) for a court to certify a class. Fed. R. Civ. P. 23(b); *see*

*also Merenda v. VHS of Michigan, Inc.*, 296 F.R.D. 528, 536 (E.D. Mich. 2013). Plaintiffs seek certification under Rule 23(b)(3), which requires that (i) common questions of law and fact predominate over individualized ones, and that (ii) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). "A plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *Beattie*, 511 F.3d at 564. This requirement considers "the difficulties likely to be encountered in the management of a class action" and issues with individual litigation. *Id.*; *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) ("[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action[.]"). The proposed Settlement Class satisfies the above.

**1. Common Questions of Law and Fact Predominate**

Predominance focuses on whether the defendant's alleged liability is common enough to warrant class-wide adjudication. *Amchem*, 521 U.S. at 623. The proposed class must be "sufficiently cohesive to warrant adjudication by representation." *Id.* Though similar to the commonality requirement of Rule 23(a), Rule 23(b)(3) "contains the more stringent requirement that common issues predominate over individual issues." *Machesney v. Lar-Bev of Howell, Inc.*, 317 F.R.D. 47, 61 (E.D.

Mich. 2016). Predominance is met if a single factual or legal question is "at the heart of the litigation." *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Data breach cases present questions of law and fact central to liability that predominate over any individual issues. Belle Tire's alleged course of conduct was uniform across the Settlement Class, so the claims "will prevail or fail in unison." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 859 (6th Cir. 2013). Since class-wide determination of this issue will be the same for all, predominance is satisfied.

### 2. A Class Action Is the Superior Method of Adjudication

Certification of this suit as a class action is superior to other methods to fairly, adequately, and efficiently resolve the claims here. "The superiority requirement of Rule 23(b)(3) is met if the class action is a better way than individual litigation to adjudicate a claim." *Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 407-08 (E.D. Mich. 2012). Such is especially true in situations which "vindicat[e] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Amchem*, 521 U.S. at 617. Adjudicating individual actions here is impracticable: the amount in dispute per person is too small given the complexity of the issues, and costs for document review, technical issues, and experts. Individual damages are insufficient to allow such actions—at least not with the aid of adequate counsel. Such prosecution would delay resolution, and may

lead to inconsistent rulings. Indeed, the Court need not consider trial manageability. *Amchem*, 521 U.S. at 620 ("with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems").

Thus, the Court should certify the Settlement Class pursuant to Rule 23(b)(3). Belle Tire does not oppose class certification for settlement purposes only.

## VII. THE SETTLEMENT SHOULD BE FINALLY APPROVED

The Federal Rules of Civil Procedure require judicial approval of class action settlements. *Halliday v. Weltman, Weinber & Reis Co., L.P.A.*, 2013 WL 692856, at *1 (E.D. Mich. Feb. 26, 2013) (citing Fed. R. Civ. P. 23(e)). At final approval, the ultimate issue is whether the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Courts within the Sixth Circuit recognize a strong "federal policy favoring settlement of class actions." *UAW*, 497 F.3d at 632 (citation omitted); *see also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 830 (E.D. Mich. 2008).

Rule 23(e)(2) provides factors for the Court to determine if a settlement is "fair, reasonable, and adequate." The Rule 23(e)(2) factors are: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii)

the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed attorney's fee, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

In addition to these factors, the Sixth Circuit has laid out its own factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631. As described below, each factor affirms the fairness, reasonableness, and adequacy of the Settlement, and supports final approval.

### A. The Rule 23(e)(2) Factors Weigh in Favor of Final Approval

The Settlement firmly satisfies the Rule 23(e)(2) factors. As described, Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class and secured an excellent result. *See supra* § I. The Settlement was negotiated after all of the following: the exchange of informal discovery among the Parties sufficient to adequately assess the strengths and weaknesses of the case and mediation statements; an arm's-length mediation session with highly qualified and renowned mediator, the Honorable Morton Denlow (ret.); months of negotiations to

come to an agreement in principle; and finally an additional extended period negotiating the precise terms of the Settlement Agreement. Joint Decl., ¶¶ 9–13. The relief provided is adequate when taking into account the factors listed in Rule 23–the Settlement provides a substantial recovery for the Settlement Class and does so without additional delay and the uncertainty of litigation. *Id*., § II. Moreover, all Settlement Class Members are treated equally—each Settlement Class Member has had the opportunity to make a claim for either a payment for Documented Losses or an Alternative Pro Rata Cash Payment. *Id.* Given the number of claims for an Alternative Pro Rata Cash Payment, Settlement Class Members who filed such a claim will each receive a significant recovery, roughly $131.35. Joint Decl. ¶ 17.

### B. The Sixth Circuit's *UAW* Factors Weigh in Favor of Final Approval.

#### 1. There Is No Risk of Fraud or Collusion (UAW Factor 1)

The first *UAW* factor is "the risk of fraud or collusion." *UAW*, 497 F.3d at 631. "Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Leonhardt*, 581 F. Supp. 2d at 838. Here, settlement discussions were aided by an experienced neutral mediator and rounds of negotiations continued for months after the all-day mediation, evidencing the hard-fought nature of the negotiations and the lack of evidence of fraud or collusion. Joint Decl., ¶¶ 11–13; *see also Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) ("[N]egotiations of the Settlement

Agreement were conducted at arm's-length by adversarial parties and experienced counsel, which itself is indicative of fairness, reasonableness, and adequacy."). Here, the Parties' adversarial negotiations consisted of months of correspondence and telephone calls. This factor strongly supports approval. Joint Decl., ¶ 12.

### 2. Litigation Through Trial Would be Complex, Costly, and Long (UAW Factor 2)

The second *UAW* factor is "the complexity, expense and likely duration of the litigation." *UAW*, 497 F.3d at 631. Most class actions are inherently risky, and thus "[t]he obvious costs and uncertainty of such lengthy and complex litigation weigh in favor of settlement." *UAW*, 2006 WL 891151 at *17. This case is no exception. As discussed above, the Parties have engaged in informal discovery, and a private mediation. Joint Decl., ¶¶ 9–11. The next steps in the litigation would include Belle Tire filing a motion to dismiss, and contested motions for class certification and summary judgment, which would be at a minimum costly and time-consuming for the Parties and the Court. *Id.*, ¶ 23. Undoubtedly, further litigation would create numerous risks that a litigation class could not be certified and/or that the Settlement Class would not recover anything at all. *Id.*, ¶ 18. Settle Class Counsel understands that Belle Tire would continue to assert numerous defenses on the merits, oppose class certification vigorously, and prepare a competent defense at trial. *Id.*, ¶ 23. Beyond trial, Belle Tire could appeal the merits of any adverse decision, including any class certification under Rule 23(f). *Id.*

The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable, and adequate to the Class. This result has been accomplished years earlier than if the case proceeded to judgment through trial and/or appeal(s), and provides certainty whereas litigation does not and could result in defeat for the Class on a motion to dismiss, on class certification, at summary judgment, at trial, or on appeal. Consequently, this *UAW* factor plainly weighs in favor of final approval of the Settlement.

**3. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*UAW* Factor 3)**

The third *UAW* Factor is "the amount of discovery engaged in by the parties." *UAW*, 497 F.3d at 631. Here, the Parties exchanged information that would have contained the same information produced in formal discovery related to the issues of class certification and summary judgment; and thus, the Parties had sufficient information to assess the strengths and weaknesses of the claims and defenses. Joint Decl., ¶¶ 9–10. Settlement Class Counsel's experiences in similar matters, as well as the efforts made by counsel on both sides, confirm that they are sufficiently well apprised of the facts of this action and their respective cases in order to make an intelligent analysis of the Settlement.

**4. Plaintiffs Face Real Risks if the Case Proceeded (*UAW* Factor 4)**

The fourth *UAW* factor is "the likelihood of success on the merits." *UAW*, 497

F.3d at 631. Absent a settlement, Belle Tire would next file a motion to dismiss, and it would vigorously argue this motion through its papers and oral argument, and it would also contest class certification and move for summary judgment on various issues if the litigation were to continue. Joint Decl., ¶ 23. There would be a risk of maintaining class status through trial. At the time of Settlement, the Court had not yet heard a motion to dismiss, let alone a motion for class certification. Settlement Class Counsel anticipates that such a determination would only be reached after lengthy discovery and exhaustive class certification briefing—likely years down the line. Joint Decl., ¶¶ 18, 23.

Even if the Court did certify a Rule 23 class, Belle Tire would likely challenge certification through a Rule 23(f) application and subsequently move to decertify, forcing additional rounds of briefing. *Id.* ¶ 23. Risk, expense, and delay permeate such a process. *Id.*, ¶¶ 18, 23. In Settlement Class Counsel's experience, these additional steps in litigation can take years to resolve. *Id.* ¶ 23. The proposed Settlement eliminates this risk, expense, and delay and awards Class Members payment promptly. This factor favors final approval.

#### 5. Settlement Class Counsel and Class Representatives Support the Settlement (*UAW* Factor 5)

The fifth *UAW* factor is "the opinions of class counsel and class representatives." *UAW*, 497 F.3d at 631. "The endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement."

*UAW v. Ford Motor Co.*, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, both Settlement Class Counsel and Plaintiffs support the Settlement. *See* Joint Decl., ¶¶ 22–23. They do so, because, as explained, this Settlement is an excellent result for Settlement Class Members in light of defenses to be raised by Belle Tire. This *UAW* factor also favors final approval.

**6. The Reaction of Absent Class Members Is Uniformly Positive (*UAW* Factor 6)**

The sixth *UAW* factor is "the reaction of absent class members." *UAW*, 497 F.3d at 631. In most class settlements, a small number of opt-outs and objections "are to be expected" and do not impact a settlement's fairness. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003); *see also Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008) (inferring that most "class members had no qualms" with settlement where 79 out of 11,000 class members objected).

Here, no Class Members have opted out, and no Class Member has filed an objection. Pavlik Decl., ¶¶ 19–21. This *UAW* factor therefore plainly weighs in favor of final approval. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness."). It is also noteworthy that

none of the attorneys general and other governmental officials who received notification of the settlement pursuant to the Class Action Fairness Act have filed objections. *See George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1373 (N.D. Ga. 2019) ("Not one CAFA notice recipient objected to the settlement, which also weighs in favor of its approval here.") (citing *Hall v. Bank of Am., N.A.*, 2014 WL 7184039, at *5 (S.D. Fla. Dec. 17, 2014)). Moreover, given the size of the Class here, 28,655 Settlement Class Members, the fact that no Class Members have requested exclusion is a further indication of the strength of the Settlement and its fairness. *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 600 (E.D. Mich. 2006) (collecting cases). *See also In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement."). The Settlement should be approved.

**7. The Settlement Serves the Public Interest (*UAW* Factor 7)**

The seventh and final *UAW* factor is the "public interest." *UAW*, 497 F.3d at 631. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530. Further, when individual class members seek a relatively small amount of statutory damages, "economic reality dictates that [their] suit proceed as

a class action or not at all." *Eisen*, 417 U.S. at 161. Society undoubtedly has a strong interest in incentivizing attorneys to bring complex litigation that is necessary to protect the privacy of individuals' most personal information. In fact, class action litigation in this area is the only realistic means of obtaining recovery on behalf of the entire Class. This factor therefore supports final approval.

## VIII. FINAL APPOINTMENT OF SETTLEMENT CLASS COUNSEL AND CLASS REPRESENTATIVES

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interest of the class." Rule 23(g)(1)(B). In making this determination, courts generally consider the following factors: (1) proposed class counsel's work in identifying or investigating potential claims; (2) proposed counsel's experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) proposed class counsel's knowledge of the applicable law; and (4) proposed counsel's resources committed to representing the class. Rule 23(g)(1)(A)(i–iv). *See supra* § IV(A); *see also* 4 Newberg and Rubenstein on Class Actions § 13:48 (6th ed.)

Plaintiffs request that the Court finally appoint E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Settlement Class Counsel. Settlement Class Counsel devoted substantial time to the prosecution of this Action, for roughly two years now, investing time and resources into the case despite the significant and inherent risk of

nonpayment, especially given the formidable defenses mounted by Defendant, led by highly qualified and competent counsel. Joint Decl. ¶ 23. Given the strength of the result achieved here, the Court's appointment of Settlement Class Counsel should be affirmed.

Plaintiffs further request that the Court finally appoint Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as Class Representatives. The Class Representatives spent considerable time protecting the interests of the Class through their involvement in this case, including assisting their respective counsel with the investigation of their claims and reviewing and approving their respective complaints and the Settlement. Joint Decl. ¶¶ 26–27. Moreover, ahead of mediation, each Class Representative provided crucial information about their respective damages. *Id.*, ¶ 27. Given the foregoing, their appointment as Class Representatives should be affirmed.

## IX. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Unopposed Motion for Final Approval of Class Action Settlement and enter Final Judgment in the form submitted herewith. A proposed Final Judgment and Order Granting Final Approval to Class Action Settlement is attached hereto as **Exhibit C**.

Dated: August 19, 2026

Respectfully Submitted,

/s/ *E. Powell Miller*

E. Powell Miller (P39487)
Emily E. Hughes (P68724)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
epm@millerlawpc.com
eeh@millerlawpc.com

Casondra Turner
**MILBERG PLLC**
260 Peachtree Street NW, Suite 2200
Atlanta, GA 30303
Tel: (866) 252-0878
E: cturner@milberg.com

Scott Edward Cole, Esq.
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
(510) 891-9800
sec@colevannote.com

*Settlement Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ E. Powell Miller*
E. Powell Miller