**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re Belle Tire Distributors, Inc. Data Breach Litigation* | Case No. 2:24-cv-12966<br>Hon. Matthew F. Leitman<br><br>**CLASS ACTION** |

**ORDER AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

This matter came before the Court for a duly noticed hearing on September 2, 2026 (the "Fairness Hearing"), upon *Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards* (the "Fee and Costs Application") in the above-captioned consolidated action ("Action"). The Court has considered the Fee and Costs Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Class Action Settlement Agreement and Release entered into on April 13, 2026 (the "Settlement Agreement")[1] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore:

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Plaintiffs, Defendant Belle Tire Distributors, Inc. ("Defendant" or "Belle Tire"), and all Settlement Class Members, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Costs Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. Class Counsel is hereby awarded attorneys' Fees, and reasonably-incurred litigation Costs in the total amount of $300,000.00 (three hundred thousand dollars and zero cents). The attorneys' Fees and Costs award approved by the Court shall be paid by Belle Tire no later than fourteen (14) Days after the Effective Date, and such payment shall be made pursuant to the terms of the Settlement Agreement.

4. Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis are each individually awarded $1,250.00 as a Service Award in recognition of their efforts on behalf of the Settlement Class. The Service Awards approved by the Court will be paid by Belle Tire to Class Counsel no later than thirty (30) days after the Effective Date, and such payment shall be made pursuant to the terms of the Settlement Agreement.

5. Pursuant to the Settlement Agreement, unless otherwise ordered by the Court, Class Counsel shall have the sole and absolute discretion to allocate any approved award of Fees and Costs amongst themselves.

6. In approving the foregoing awards, the Court has considered and found that:

a. Class Counsel and Plaintiffs' Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

b. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

c. Had Class Counsel and Plaintiffs' Counsel not achieved the Settlement, a risk would remain that Plaintiffs and the Settlement Class may have recovered less or nothing from Belle Tire;

d. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

e. Notice was disseminated and posted advising that Class Counsel may move for an award of attorneys' Fees and reasonably incurred litigation Costs (i.e., Fee Award and Costs) in the amount up to $300,000.00, and that Class

Representatives may seek a Service Award in an amount up to $1,250.00 (One Thousand Two Hundred and Fifty Dollars) per Class Representative;

f. The attorneys' fee award is fair, reasonable, appropriate and consistent with the awards in similar common fund cases, in view of the applicable legal principles and the particular facts and circumstances of the Action;

g. The costs and expenses incurred were reasonable and necessary to the prosecution of the Action; and

h. Plaintiffs contributed their time and efforts to the prosecution of this Action for the benefit of the Settlement Class.

7. If the Effective Date should not occur for any reason, then this order shall be deemed null and void, and all Parties shall be deemed to have reverted to their respective status in the Litigation as of the date and time immediately preceding the execution of the Settlement Agreement.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2026