**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re Belle Tire Distributors, Inc. Data Breach Litigation* | Case No. 2:24-cv-12966<br>Hon. Matthew F. Leitman<br><br>**CLASS ACTION** |

**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS, AND DISMISSAL WITH PREJUDICE**

WHEREAS, Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis submitted to the Court Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 27) and Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 25);

WHEREAS, on April 28, 2026, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as Class Representatives; (4) appointed E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Class Counsel; (5) appointed Simpluris, Inc. as the Settlement Administrator; (6)

approved the form and manner of Notice and the Notice Program; (7) approved the Claim Process and Claim Form; and (8) set the Final Approval Hearing date;

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Postcard Notice and the Long Form Notice was available to Settlement Class Members on the Settlement Website or on request to the Settlement Administrator;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on September 2, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider the Motion for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2. This Final Approval Order incorporates herein the definitions set forth in the Settlement Agreement (Exhibit A to the Motion for Final Approval).

3. The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claim Process is also fair, and the Claim Form is easily understandable.

4. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Federal Rule of Civil Procedure 23(e)(2) factors and the Sixth Circuit's traditional factors in *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007), highlighted by evidence that: (a) there was no fraud or collusion in negotiating the Settlement with the assistance of a qualified mediator; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the risks of establishing liability, damages, and maintaining the class action through trial; (e) the reaction of the Settlement Class to the Settlement; (f) Class Counsel's and the Class Representatives' supporting opinions about the Settlement; and (g) the public interest in approving the Settlement. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were **no** objection(s) to the Settlement filed, and **no** opt-outs were submitted.

6. Based on the information presented to the Court, the Claim Process has proceeded consistent with the Agreement and the Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7. The allocation and distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

8. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9. Because the Court grants Final Approval of the Settlement set forth in the Agreement and finds it to be fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

11. The appointment of Plaintiffs Tabbitha Berry, Hamza Yaser Algharably, Zachary Loafman, Anthony Georges, and Zach Travis as Class Representatives is affirmed.

12. The appointment of E. Powell Miller of The Miller Law Firm, P.C., Casondra R. Turner of Milberg, PLLC, and Scott Edward Cole of Cole & Van Note as Class Counsel is affirmed.

13. The Court appointment of Simpluris, Inc. as the Settlement Administrator is affirmed.

14. The Court affirms its findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for only the purposes of the Settlement in that (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available

methods for the fair and efficient adjudication of the controversy.

15. Therefore, the Court finally certifies the following Settlement Class:

> All individuals whose Private Information was exposed to unauthorized third parties as a result of the Data Security Incident discovered by Defendant on or before June 11, 2024.

Excluded from the Settlement Class are all persons who are: (a) directors, officers, and employees of Defendants; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (c) any Settlement Class Member who timely and validly opts-out of the Settlement; and (d) any individual who timely and validly opts-out of the Settlement.

16. Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

17. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

18. In consideration for the Agreement and the consideration set forth therein, the Releasing Parties hereby release the Released Parties from the Released Claims.

19. If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund following the 90-day check negotiation period, subsequent payments will be evenly made to all Claimants who cashed their payments until the average payment amount is no less than $7.00 each, at which time any remaining funds shall be distributed to the Michigan State Bar Foundation, which the Court approves as the *cy pres* recipient.

20. The Court has also considered Plaintiffs' Unopposed Motion For Attorneys' Fees, Costs, Expenses, And Service Award, as well as the supporting declarations (ECF No. 25), and adjudges that the payment of Attorneys' Fees and Litigations Costs in the amount of $300,000.00 total (of which roughly $18,500 is for Litigation Costs) is reasonable in light of the multi-factor test used to evaluate fee awards in the Sixth Circuit. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

21. Attorneys' Fees and Litigation Costs shall be paid by Belle Tire no later than fourteen (14) days after the Effective Date, in accordance with the terms of the Agreement.

22. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court thoroughly evaluated Class Counsel's request taking into consideration,

among other factors, the value created by the Agreement and concludes that amount is within the range of reason.

23. The Court has also considered Plaintiffs' Motion and supporting Declarations for a Service Award to the Class Representatives. *See* ECF No. 25. The Court adjudges that the payment of a Service Award in the amount of $1,250.00 to the Class Representatives to compensate them for their efforts and commitment on behalf of the Settlement Class is fair, reasonable, and justified under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement

24. Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

25. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

26. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*.

27. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

**IT IS SO ORDERED**.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2026